<hr/>

EDWARD J. RYAN, Appellant, v. RICHARD M. JOHNSON, Respondent.

The Act to prevent extortion in office, does not conflict with the Constitution.

The Act regulating Fees in Office, is not an Act of a general nature, within the meaning of the Constitution. It is entirely of a specific character.

APPEAL from the Seventh Judicial District, Marin County.

Ryan sued Johnson, a Justice of the Peace, for extorting illegal fees in his official capacity. The defendant demurred to the jurisdiction of the Court, and to the complaint generally. The Court sustained the demurrer, and dismissed the complaint.

Plaintiff appealed.

*W. Skidmore*, for Appellant.

That the judgment of the Court below should be reversed, it being contrary to law.

*Hanson & Haralson*, for Respondent.

1. The Act of March, 14th, 1853—Comp. L. Cal., 214—in rela-

tion to extortion in office, is unconstitutional, because it deprives the defendant the right of trial by jury. See Const. Art. 1, § 3 ; Declaration of Rights.

2. The Legislature exceeded its authority in passing different Fee bills for separate counties. See Const., Art. 1, § 11; Declaration of Rights.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The Act to prevent extortion in office, Cod. Laws, 214, is not liable to objection on the ground of any conflict with the Constitution. The defendant may, by virtue of the last section of the Act, have a jury trial as well in that, as in any other action.

Nor is the respondent's objection well founded to the Act regulating Fees in Office. It is not an Act of a general nature, within the meaning of the Constitution—it is entirely of a specific character.

The demurrer ought to have been overruled.

Judgment reversed, and cause remanded.